19-3245, 20-3757
*In re Lehman Brothers*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

———————————————————————

In re: Lehman Brothers Holdings Inc., Lehman Brothers Inc.,

*Debtors*,

344 Individuals, Identified in the Notices of Appearances at Bankruptcy Court ECF Dkt. Nos. 8234, 8905 & 9459,

*Appellants*,

v.                                                                              19-3245

James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers, Inc.,

*Trustee-Appellee*.

———————————————————————

James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.,

*Petitioner-Appellee*,

v.                                                                        20-3757

The Lehman Brothers Inc. Deferred Compensation
Defense Steering Committee, As Attorney In Fact
For Those Specified Herein,

               *Respondent-Appellant*.

---

FOR APPELLANTS:                    RICHARD J.J. SCAROLA (Alexander Zubatov, *on the brief*), Scarola Zubatov Schaffzin PLLC, New York, NY.

FOR APPELLEE:                      JAMES C. FITZPATRICK (Carl W. Mills, Karen M. Chau, *on the brief*), Hughes Hubbard & Reed LLP, New York, NY.


Appeals from an order and judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *J.*) affirming an order of the United States Bankruptcy Court for the Southern District of New York (Shelley C. Chapman, *B.J.*), and from a separate order of the United States Bankruptcy Court for the Southern District of New York (Shelley C. Chapman, *B.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2019 order and judgment of the district court and the June 15, 2020 order of the bankruptcy court are **AFFIRMED**.

These two tandem appeals, which have been consolidated for decision, arise out of the liquidation of Lehman Brothers Holdings Inc. and Lehman Brothers Inc. (together, "LBI").

Appellants[1] are former employees of Shearson Lehman Brothers Inc. ("Shearson"), a predecessor of LBI. Shearson established a deferred compensation plan—the Executive and Select Employees Plan ("ESEP")—in 1985, under which Appellants agreed to defer certain amounts of their earned income in exchange for tax benefits and a favorable interest rate. Appellants elected to participate in the ESEP by signing individual agreements with Shearson (the "ESEP Agreements").[2] After LBI commenced the underlying liquidation proceedings, Appellants filed proofs of claim asserting secured status and seeking recovery of their deferred compensation under the ESEP Agreements.

Appellants first appeal from a September 30, 2019 order and judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *J.*) affirming a November 12, 2015 order of the United States Bankruptcy Court for the Southern District of New York (Shelley C. Chapman, *B.J.*), which granted the motion by Appellee, trustee for the LBI bankruptcy James W. Giddens (the "Trustee"), to reclassify Appellants' claims from secured to unsecured (hereinafter, the "Reclassification Appeal"). Appellants separately appeal from the June 15, 2020 order of the United States Bankruptcy Court for the Southern District of New York (Shelley C. Chapman, *B.J.*) granting the Trustee's motion to dismiss Appellants' complaint, which sought a declaratory judgment that their deferred compensation is excluded from LBI's bankruptcy estate by operation of 11 U.S.C. § 541(b)(7)(A)(i)(I), (B)(i)(I) (hereinafter, the "Section 541(b)(7)

---

[1] Although Appellants in these two appeals are named differently, they represent the interests of the same LBI creditors and we therefore refer to them together as "Appellants" for purposes of this summary order.

[2] The parties do not dispute that the sample ESEP Agreement submitted in the joint appendices in both appeals is representative of all ESEP Agreements signed by Appellants.

Appeal").[3]   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I.       The Reclassification Appeal

Appellants first assert that the bankruptcy court erred in granting the Trustee's motion to reclassify their claims as unsecured.   We disagree.

Where, as here, a district court conducts appellate review of a bankruptcy court's decision in the first instance, "we engage in plenary, or de novo, review of the district court decision" and "then apply the same standard of review employed by the district court to the decision of the bankruptcy court."   *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018).   Thus, "we review the bankruptcy court's findings of fact for clear error and its legal determinations de novo."   *Id.*

The bankruptcy court plainly did not err in reclassifying Appellants' claims as unsecured. Under Section 5(d) of the ESEP Agreements, "[t]he payments to be made" thereunder are "*unsecured* subordinated obligations of [the] Employer only, and [the] Employee is only a general subordinated creditor."   Joint App'x I at 54 (emphasis added).[4]   Accordingly, the plain language of the ESEP Agreements makes clear that Appellants have only *unsecured* claims to the deferred compensation they seek.[5]   Indeed, a prior panel of this Court has similarly concluded that this

---

[3]   With respect to the Section 541(b)(7) Appeal, we granted the Trustee's request for leave to appeal directly to this Court from the bankruptcy court's June 15, 2020 order.   In addition, we note that the bankruptcy court denied Appellants' motion for summary judgment as moot in its June 15, 2020 order, but Appellants do not challenge that decision on appeal.

[4]   In this summary order, citations to Joint Appendix I are to the joint appendix filed in the Reclassification Appeal and citations to Joint Appendix II are to the joint appendix filed in the Section 541(b)(7) Appeal.

[5]   Our conclusion is further supported by Section 9(d) of the ESEP Agreements, which provides that "in the event of [Shearson's] insolvency[] . . . [Appellants] shall not be entitled to participate or share, ratably or otherwise, in the distribution of the assets of Shearson until all claims of all other present and future

exact ESEP Agreement provision is binding on Appellants and therefore affirmed an earlier order of the bankruptcy court, which determined that Appellants' "claims are subordinated to the claims of LBI's general unsecured creditors." *In re Lehman Brothers Holdings Inc.*, 792 F. App'x 16, 18–19 (2d Cir. 2019).[6]

In sum, we discern no error in the bankruptcy court's decision to reclassify Appellants' claims as unsecured.

## II.     The Section 541(b)(7) Appeal

On October 7, 2019, Appellants filed a complaint in bankruptcy court initiating adversary proceedings against the Trustee. In particular, Appellants sought a declaratory judgment that, under 11 U.S.C. § 541(b)(7)(A)(i)(I), (B)(i)(I), "the amounts of the deferred compensation pension accruals in connection with the ESEP . . . for each [Appellant] through the time of LBI's bankruptcy are not the property of the LBI bankruptcy estate," and requested that their deferred compensation "be turned over to [them]." Joint App'x II at 12. The Trustee moved to dismiss Appellants' complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012(b)). On June 15, 2020, the bankruptcy court granted the Trustee's motion to dismiss, concluding that Appellants' complaint: (1) was time-barred by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a); (2) was barred under the doctrine

---

creditors of Shearson, whose claims are senior to claims arising under this agreement, have been fully satisfied." Joint App'x I at 63.

[6]   We note the incongruity of Appellants' continued efforts to maintain their status as secured creditors of LBI, notwithstanding our prior conclusion that their claims are *subordinate* to the claims of LBI's general *unsecured* creditors.

of laches; and (3) failed to state a claim on the merits because Section 541(b)(7) does not operate to exclude Appellants' deferred compensation from LBI's bankruptcy estate.

On appeal, Appellants contend that the bankruptcy court erred with respect to each of the three grounds upon which it based its decision to grant the Trustee's motion to dismiss. Turning first to the bankruptcy court's non-merits-based holdings, we need not address whether 28 U.S.C. § 1658(a) applies here because, even assuming that there is no statute of limitations for a Section 541(b)(7) claim (as Appellants contend), we conclude that Appellants' complaint is barred by the equitable defense of laches.[7]

"Laches is a defense developed by courts of equity to protect defendants against unreasonable, prejudicial delay in commencing suit." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 960 (2017) (internal quotation marks omitted). "The elements of a traditional laches defense are: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 365 (2d Cir. 2018) (internal quotation marks omitted); *accord Hizam v. Kerry*, 747 F.3d 102, 110–11 (2d Cir. 2014). The party asserting laches bears the burden of establishing the defense. *See Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 132 (2d Cir. 2003).

As an initial matter, Appellants argue that the bankruptcy court improperly decided the laches defense at the motion to dismiss stage. We recognize that the fact-intensive application of

---

[7] The parties disagree as to the proper standard of review we should apply to the laches issue. Specifically, Appellants urge us to review the bankruptcy court's laches determination de novo, and the Trustee argues that our review here is for abuse of discretion. We need not resolve this dispute, however, because Appellants' challenge fails under the more-exacting de novo standard.

6

this equitable doctrine often requires consideration of categories of extrinsic evidence that are outside the proper confines of a motion to dismiss pursuant to Rule 12(b)(6), and that it also may benefit from discovery to adequately develop the record. However, in cases where all of the material facts pertaining to the laches issue can be properly considered on a motion to dismiss, and where discovery is unnecessary to allow for full and fair consideration of the issue in a particular case, there is no legal barrier to resolution of the affirmative defense under Rule 12(b)(6). *See, e.g.*, *Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 193–95 (2d Cir. 2019) (concluding that a plaintiff's claims were barred by laches at the motion to dismiss stage).

That is precisely the situation here. The bankruptcy court properly took judicial notice of the vast volumes of court filings in the LBI liquidation proceeding in assessing both Appellants' degree of diligence and the level of prejudice to the Trustee resulting from their delay. *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (noting that, at the motion to dismiss stage, courts may consider "matters of which a court may take judicial notice" (internal quotation marks omitted)); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., LLC*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court[,] not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)). Appellants fail to point to any evidence that the bankruptcy court improperly considered under Rule 12(b)(6). Moreover, for reasons discussed below, no additional discovery was necessary and no extrinsic evidence needed further development before the laches issue could be decided under the circumstances here. Therefore, we find no error in the resolution of this affirmative defense on a

motion to dismiss in this particular case and conclude that the bankruptcy court correctly determined that Appellants' complaint was barred by laches under the applicable standard.

First, as the bankruptcy court found, Appellants exhibited a remarkable lack of diligence in raising their argument that Section 541(b)(7) excludes their deferred compensation from LBI's bankruptcy estate. Although Appellants referenced Section 541(b)(7) in their proofs of claim in 2009 and in their opposition to the Trustee's motion to reclassify their claims as unsecured, they did so with the goal of demonstrating that their claims were both within the LBI bankruptcy estate and secured. When they filed their complaint initiating this adversary proceeding in 2019, however, they adjusted their strategy and began to argue *for the first time* that Section 541(b)(7) *excludes* their property from the bankruptcy estate and that it is therefore theirs (and not property of LBI). Appellants did not make this argument when the Trustee objected to their claims from July 2013 to January 2014, nor when the Trustee sought to subordinate their claims beginning in February 2014, nor when the Trustee sought to reclassify their claims as unsecured beginning in September 2015. In other words, Appellants waited until October *2019* to raise this new Section 541(b)(7)-based argument, a delay of over at least five and a half years from the time when the Trustee first challenged their claims.

Second, we also agree with the bankruptcy court that Appellants' clear lack of diligence in asserting the argument that their deferred compensation is excluded from LBI's bankruptcy estate pursuant to Section 541(b)(7) prejudiced the Trustee. More specifically, Appellants' delay in filing their complaint forced the Trustee to engage in unnecessarily protracted and undoubtedly

8

costly additional and piecemeal litigation for many years.[8]  Moreover, the Trustee (not to mention LBI's other creditors) has been further prejudiced insofar as this case is prolonging the underlying bankruptcy.   Although Appellants contend that there are additional matters preventing the closure of the LBI bankruptcy estate, the fact remains that *this* case—involving issues that could have been litigated years ago had Appellants raised their new Section 541(b)(7) argument sooner—continues to take up LBI estate resources and prevents the Trustee and the bankruptcy court from fully attending to the remaining outstanding matters in their ongoing effort to resolve a bankruptcy proceeding that has lasted for over a decade.

In sum, we have little trouble in concluding that Appellants "ha[ve] inexcusably slept on [their] rights so as to make a decree against the [Trustee] unfair" because of the resulting prejudice. *Merrill Lynch Inv. Managers*, 337 F.3d at 132 (quoting *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 65 (2d Cir. 1983)).   Accordingly, the bankruptcy court properly determined that Appellants' complaint was barred by laches.

Having determined that Appellants' complaint is barred by laches, we need not—and do not—address the bankruptcy court's holding on the merits that 11 U.S.C. § 541(b)(7)(A)(i)(I), (B)(i)(I) does not exclude Appellants' deferred compensation from the LBI bankruptcy estate.

---

[8]   To the extent Appellants argue that the *Trustee* chose to avoid litigating the new Section 541(b)(7) argument, we disagree.   Appellants point to no support for the assertion that the burden was on the Trustee to discern the nuances of *their* (apparently evolving) argument and challenge it.

                          *          *          *

    We have considered all of Appellants' remaining arguments and find them to be without

merit.   For the foregoing reasons, the September 30, 2019 order and judgment of the district court

and the June 15, 2020 order of the bankruptcy court are **AFFIRMED**.


                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk of Court